

Signed: August 11, 2008

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                             Case No. 07-43462 EDJ

AVONELLE KIRWAN-GADSBY,              Chapter 7

                    Debtor./

MEMORANDUM RE: FEE APPLICATION

    The court has reviewed the objection by Creditor Roger L. Miller Retirement Trust ("Creditor") to the fees requested by R. Kenneth Bauer, counsel for the above debtor ("Bauer"). Although the objection raises several minor points, the most serious objection is that Bauer knew or should have known that this case should not have been filed as a chapter 11, and that the debtor, with Bauer's assistance, filed it solely for purposes of delay.

    The court has considered the objection, the comments of counsel at oral argument, and the files in this case. The court will overrule the objection.

    The debtor's Schedule A (Real Property) filed at the outset of

MEMORANDUM RE: FEE APPLICATION

the case listed five parcels of real property, four of which showed a scheduled equity. The debtor scheduled one parcel as having an equity of $350,000. Thus, according to the debtor's schedules, the debtor did appear to have reasonable prospects for a successful chapter 11.

This is borne out by the fact that, according to the Creditor and Bauer,[1] Lois Brady, trustee in bankruptcy, has a sale pending that may bring $300,000 into the estate in addition to the $32,000 she already holds.

The test for determining the allowability of fees is not the a strict "benefit to the estate" test, based on hindsight. Rather, the test is whether the fees appeared reasonable and necessary at the time that they were incurred. See, e.g., In re Auto Parts Club, 211 B.R. 29, 34-35 (9th Cir. BAP 1997). See also In re Mednet, 251 B.R. 103 (9th Cir. BAP 2000). Thus, even though the sale by the chapter 7 trustee has not closed (or even if it fails to close for some reason), the court believes that Bauer's filing of the chapter 11 case was reasonable and necessary based on the facts then known to him.

The Creditor also argues that Bauer expended too much time performing certain tasks, especially the preparation of the debtor's schedules. Bauer, however, has explained to the court's satisfaction why the time he expended was needed.

---

[1] See letter to the court dated August 7, 2008 from Creditor's counsel, Marlene Weinstein, and Bauer.

MEMORANDUM RE: FEE APPLICATION        2

Case: 07-43462   Doc# 166   Filed: 08/11/08   Entered: 08/13/08 11:19:36   Page 2 of 4

1 The court will therefore issue its order overruling the
2 objection and allowing Bauer's fees and costs as requested.
3                       ** END OF DOCUMENT **

MEMORANDUM RE: FEE APPLICATION          3

Case: 07-43462    Doc# 166    Filed: 08/11/08    Entered: 08/13/08 11:19:36    Page 3 of 4

COURT SERVICE LIST

Kenneth Bauer
Law Offices of Kenneth Bauer
500 Ygnacio Valley Rd. #300
Walnut Creek, CA 94596

Marlene Weinstein
1111 Civic Drive, Suite 380
Walnut Creek, CA 94596

Lois Brady
P.O. Box 12754
Oakland, CA 94604

Matthew Kretzer
Office of the U.S. Trustee
1301 Clay St. #690N
Oakland, CA 94612-5217

MEMORANDUM RE: FEE APPLICATION            4